UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| FREDERICK NIELSEN, ) | |
| ) | 3:10-CV-132 JWS |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| ALASKA TRUSTEE, LLC, et al, ) | [RE: Motion at docket 29] |
| ) | |
| Defendants ) | |

## I. MOTION PRESENTED

At docket 29, plaintiff Frederick Nielsen ("Nielsen") moves for an award of attorney fees. The motion is opposed at docket 32 by Defendant CitiMortgage, Inc. ("CitiMortgage").

## II. DISCUSSION

This case was removed from state court to federal court by CitiMortgage. Thereafter, the court granted Nielsen's motion to remand and held that Nielsen was entitled to an award of attorney fees pursuant to 28 U.S.C. § 1447(c).[1] The parties were given a chance to brief the question of the size of an appropriate award. Plaintiff

---

[1] Order at doc. 27.

seeks an award of $6,810 for 22.70 hours of work at $300 per hour. CitiMorgage asserts that the amount requested is excessive.

The $300 hourly rate strikes the court as high for this community, but the rate has not been contested by CitiMortgage. Rather, CitiMortgage challenges the amount of time for which compensation is sought, urging that some of the time for which compensation is sought was spent on other matters and complaining that the time records are too vague.

With respect to time spent on other matters, CitiMortgage points to the last three time entries totaling 1.6 hours. However, the last three entries are all reasonably considered costs imposed by the removal and and successful effort to have the case remanded. It is quite appropriate for a lawyer to spend time explaining the remand situation to his client. The 0.4 hours charged is not excessive. Similarly, the costs incurred in pursuing fees pursuant to § 1447(c) are appropriately considered to have been incurred in connection with the remand. The total of 1.2 hours spent on this is reasonable.

With respect to the argument that the billing records are vague, it must be noted that they are broken out by type of work and date, and they are charged in tenths of an hour. Furthermore, the "block time" style is not unusual; indeed it is fairly typical of the time records this court reviews. While more detail could have been provided, the court does not find the records too vague to evaluate. Finally, the court is able to compare the total time spent researching and writing with the final work product.

Evaluating the time charged against the motion papers produced, the court concludes that the 10.1 hours spent on the motion to remand and supporting

-2-

memorandum are excessive.  The court will allow 8 hours.  The time spent reviewing CitiMortgage's opposition and retrieving and reviewing cases, 0.7 hours, is reasonable.  The 10.3 hours spent on the reply is excessive.  The court will allow 7 hours for that work.  Thus, the total number of hours will be reduced by 5.4 hours to a total of 17.3 hours.  Multiplied by the uncontested $300 hourly rate produces an award of $5,190.

### III.  CONCLUSION

For the reasons above the motion at docket 29 is **GRANTED** as follows: Defendant CitiMortgage, Inc. shall pay the sum of $5,190 to plaintiff within 30 days from the date of this order.

DATED this 6th day of October 2010.

>            /S/
>  JOHN W. SEDWICK
>  UNITED STATES DISTRICT JUDGE